Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:  dawniell.zavala@hro.com

Attorneys for Plaintiffs,
BMG MUSIC; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; ATLANTIC RECORDING CORPORATION; and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br> v.<br><br>JOHN DOE,<br>    Defendant. | CASE NO. 3:08-CV-01673-SI<br><br>Honorable Susan Illston<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1    Plaintiffs respectfully request that the Court continue the case management conference
2 currently set for July 18, 2008 at 2:00 p.m. to October 17, 2008.  Plaintiffs further request, pursuant
3 to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an
4 additional 60 days – until September 23, 2008 – to serve Defendant with the Summons and
5 Complaint.  As set forth in greater detail below, Plaintiffs have not yet discovered the true identity of
6 the Doe Defendant in this case, and will be unable to do so until the Internet Service Provider at
7 issue responds to Plaintiffs' subpoena.  Because Plaintiffs do not yet know the true identity of the
8 Doe Defendant, additional time is needed to file a First Amended Complaint naming Defendant
9 personally and then to serve Defendant with process.  In support of their request, Plaintiffs state as
10 follows:
11    1.    Plaintiffs have not requested, and the Court has not granted, a previous continuance
12 of the case management conference or an extension of the deadline to serve Defendant in this matter.
13    2.    Plaintiffs filed their Complaint for Copyright Infringement against Defendant John
14 Doe ("Defendant") on March 27, 2008.  Plaintiffs did not have sufficient identifying information to
15 name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol
16 address assigned by Defendant's Internet Service Provider ("ISP").  Accordingly, in order to
17 determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave
18 to Take Immediate Discovery on March 27, 2008, requesting that the Court enter an Order allowing
19 Plaintiffs to serve a Rule 45 subpoena on the ISP.
20    3.    The Court entered an Order for Leave to take Immediate Discovery on April 24,
21 2008, which was served upon the ISP along with a Rule 45 subpoena on May 11, 2008.  Although
22 the ISP was initially required to respond to the subpoena by June 11, 2008, the ISP requested, and
23 Plaintiffs agreed to, a 30-day extension of the subpoena response deadline.  Therefore, Plaintiffs
24 expect the ISP to respond to the subpoena by July 11, 2008.
25    4.    Once Plaintiffs receive the Doe Defendant's identifying information, Plaintiffs intend
26 to send a letter to Defendant notifying him or her of Plaintiffs' claims and inviting Defendant to
27 contact Plaintiffs and attempt resolution of the dispute.  If the dispute cannot be resolved, Plaintiffs
28

1

*EX PARTE* APPLICATION AND [PROPOSED] ORDER
Case No. 3:08-cv-01673-SI
#38703 v1

intend to file a First Amended Complaint naming Defendant personally, and then proceed to serve process upon him or her.

5. Given the foregoing circumstances, and because there is no known defendant with whom to confer, a case management conference is unnecessary at this time. Plaintiffs therefore respectfully request that the Court continue the case management conference currently set for July 18, 2008 at 2:00 p.m. to October 17, 2008, or such other date as conveniences the Court. Plaintiffs further request an additional 60 days – until September 23, 2008 – to effectuate service.

6. Plaintiffs submit that their inability to discover Defendant's identity constitutes good cause under Rule 4(m) for any delay in perfecting service. *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP, which, in this case, has not yet responded with the Doe Defendant's identifying information. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to Defendant from any delay in serving the Complaint.

Dated: July 9, 2008                                  HOLME ROBERTS & OWEN LLP


By: _____/s/ Dawniell Alise Zavala___
DAWNIELL ALISE ZAVALA
Attorney for Plaintiffs

2

**[PROPOSED] ORDER**

Good cause having been shown:

**IT IS ORDERED,** pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to September 23, 2008.

**IT IS FURTHER ORDERED** that the case management conference currently set for July 18, 2008 at 2:00 p.m. be continued to October 17, 2008.

Dated: _____    By: _____
                                Honorable Susan Illston
                                United States District Judge